458 So.2d 90 (1984)
Gerald Albert TOBEY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-895.
District Court of Appeal of Florida, Second District.
November 2, 1984.
*91 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant complains that the trial court erred in refusing to allow him to withdraw his guilty pleas.
Pursuant to a plea bargain, appellant pled guilty to one count of attempted sexual battery and one count of procuring a minor to perform in sexually oriented motion pictures. Prior to accepting appellant's guilty pleas, the trial court conducted an extensive inquiry into the basis for the pleas and the voluntariness of the pleas. The trial court stated:
I have agreed, should you plead guilty, to order a presentence investigation and to sentence you under the sentencing guidelines. I do not know what they are at this time, but whatever they are, your sentence will fall within it.
At no time during the plea colloquy was the actual length of appellant's sentence discussed.
At the sentencing hearing, defense counsel objected to the presentence investigation report as being deficient and biased. He also urged that appellant should be allowed to withdraw his pleas because the assistant state attorney had previously represented to defense counsel that appellant's presumptive sentence under the guidelines would be thirty-six months imprisonment, whereas the guideline range actually called for five and one-half to seven years. Defense counsel said he had told appellant that his sentence under the guidelines would be thirty-six months and that appellant entered his pleas on this basis. In response, the assistant state attorney admitted discussing the "likelihood" of such a sentence based on his knowledge of appellant's prior record. While the assistant state attorney also explained that often his office is not aware of a defendant's full criminal background at the time the plea is entered, appellant's one prior conviction had already been disclosed when he entered his pleas. The trial court refused to allow the appellant to withdraw his pleas, stating that the only agreement made with appellant was to sentence him pursuant to the guidelines. The appellant was subsequently sentenced to two concurrent terms of seven years imprisonment.
When a defendant moves to withdraw his plea of guilty, the court should be liberal in exercising its discretion to permit the withdrawal, especially where it is shown that the plea was based on a failure of communication or a misunderstanding of the facts. Richardson v. State, 432 So.2d 750 (Fla. 2d DCA 1983). Such a situation may arise where the attorney for a defendant misrepresents to him the consequences of his plea. Costello v. State, 260 So.2d 198 (Fla. 1972); Brown v. State, 245 So.2d 41 (Fla. 1971); Folske v. State, 430 So.2d 574 (Fla. 5th DCA 1983).
In Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962), our sister court outlined the facts upon which a plea of guilty was entered:
From a careful examination of the testimony offered by the Assistant State Attorney and counsel for appellant, it is clearly apparent that appellant was persuaded to and did in fact withdraw his plea of not guilty to the charge against him, and entered his plea of guilty to aggravated assault entirely as a result of an honest mistake, misunderstanding or misapprehension which occurred between his counsel and the Assistant State Attorney. From the evidence it appears without any serious question that appellant would not have changed his plea of not guilty to that of guilty except for the understanding of his attorney, erroneously as it may have been, that under the circumstances in the case defendant *92 would be placed on probation and not sentenced to serve a term of imprisonment. The record does not reveal the slightest indication of trickery, fraud or overreaching on the part of either of the attorneys in the case. It is equally clear that the trial judge made no previous commitment as to what disposition he would ultimately make of the case prior to the time sentence was imposed.
136 So.2d at 26-27. The court concluded that because of the misunderstanding, the defendant should be permitted to withdraw his plea.
In the instant case, there is no suggestion that the court failed to honor the plea bargain. The problem arises from the fact that appellant's pleas were based on a failure of communication or misunderstanding between defense counsel and the assistant state attorney. The appellant should not be penalized for this honest misunderstanding. As in Banks, the ends of justice will best be served by allowing appellant to withdraw his pleas. The state may, of course, reinstate the original charges, one of which was lowered pursuant to the plea bargain.
Accordingly, we reverse appellant's judgments and sentences and remand the case for further proceedings.
SCHEB and DANAHY, JJ., concur.