531 So.2d 418 (1988)
Peter ELIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2686.
District Court of Appeal of Florida, Fourth District.
September 28, 1988.
*419 Hilliard Moldof of Whitelock & Moldof, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Carolyn V. McCann and Georgina Jimenez-Orosa, Asst. Attys. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
The defendant appeals his conviction for trafficking in cocaine and the resulting sentence of fifteen years minimum mandatory plus a mandatory $250,000 fine. He asserts that the trial court erred in denying his motion to withdraw his plea of guilty which he filed pursuant to Florida Rule of Criminal Procedure 3.170(f). We agree and reverse.
The law favors a trial on the merits. Where it appears that the interests of justice would be served, the defendant should be permitted to withdraw his plea. Fortini v. State, 472 So.2d 1383 (Fla. 4th DCA 1985); Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983). A defendant should be permitted to withdraw a plea if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights. Yesnes, 440 So.2d at 634.
At the plea hearing, the trial court, the state and the defendant's attorney were all under the mistaken impression that the defendant understood the terms and agreed to plead guilty to trafficking in cocaine in exchange for a reduced sentence of seven and one-half years with a mandatory five years and a waiver of the mandatory fine. Pursuant to the terms of the negotiated plea, the defendant was to supply substantial assistance regarding his involvement or the involvement of any others in the incident for which he was arrested. He was also required to submit to a polygraph examination if the state suspected he was giving untruthful answers to their inquiries. Sentencing was deferred until the defendant could complete substantial assistance.
However, prior to sentencing, the defendant attempted to withdraw his plea of guilty claiming that his plea was not voluntarily made because he misunderstood the terms of the plea. According to the defendant, the misunderstanding arose over the length of his sentence and the nature and scope of substantial assistance required to take advantage of the lesser sentence offered by the state.
Although the record reveals that the trial court and the defendant's attorney accurately stated the precise terms of the negotiated plea, it is equally clear that the defendant misunderstood the length of his sentence. During the plea hearing, the trial court announced the terms of the negotiated plea and asked the defendant if he *420 had any questions of the court or his attorney. The defendant responded:
Yes sir. The question is that as I'm making a guilty, right, I am saying I am guilty right now and then you're saying you are going to give me five years, mandatory five years sentence on six years. ... [emphasis added]
After the defendant made this statement, neither the trial court nor anyone else during the plea hearing ever corrected the defendant or advised him that the actual sentence would be seven and one-half years with five years minimum mandatory instead of six years with five years minimum mandatory. It was not until the next day that defendant discovered he misunderstood the length of the sentence. Although this difference seems slight, the length of sentence imposed affects the computation of the amount of time the defendant would actually have to serve. Since the record supports the defendant's contention that he misunderstood the length of his sentence, the trial court erred in denying his motion to withdraw his guilty plea.
Furthermore, we agree with the defendant's assertion that there was a misunderstanding about the nature and scope of substantial assistance anticipated by the state. At the plea hearing, the trial court advised the defendant that to complete substantial assistance he was required to give sworn truthful statements to the state regarding his involvement or the involvement of any others in the incident for which he was arrested. If the state suspected he was not telling the truth in his sworn statements, he was required to submit to a polygraph examination.
Prior to the sentencing, the state attempted to take the sworn statement of the defendant. He answered some questions that fell within the scope of the substantial assistance agreement, but he refused to answer any questions about people or situations other than those involved in the incident for which he was arrested. Questioning the truthfulness of some of his answers, the state requested the defendant to submit to a polygraph examination during which he was asked similar questions including ones beyond the scope of the substantial assistance agreement. The state maintains that the questions were not beyond the scope of the agreement and took the position that the defendant reneged on the agreement and failed to complete substantial assistance. At sentencing, the trial court agreed with the state's position and sentenced the defendant to fifteen years minimum mandatory and fined him $250,000.
We believe the way the state framed the questions, the defendant would have been forced to reveal information that was clearly beyond the scope of the substantial assistance agreement. His answers would have furnished information about people and situations other than those involved in the incident for which he was arrested. Thus, we disagree with the trial court's ruling that the state's questions had not gone beyond the scope of the agreement and that the defendant, by refusing to answer, failed to complete substantial assistance required by the terms of the agreement.
Since the defendant misunderstood the nature and scope of substantial assistance agreement as well as the length of the sentence, his guilty plea was not voluntarily made. Thus, the trial court erred in denying the defendant's motion to withdraw his plea of guilty. We remand to the trial court with instructions to vacate the sentence and fine imposed, permit the defendant to withdraw his plea of guilty, and set the matter for trial.
REVERSED AND REMANDED.
WALDEN, J., and DAUKSCH, JAMES C., JR., Associate Judge, concur.