780 So.2d 168 (2001)
Jorge SOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4803.
District Court of Appeal of Florida, Second District.
January 12, 2001.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jorge Soto challenges the trial court's order revoking his community control after denying his motion to withdraw his plea. Because Soto's motion was made prior to sentencing and because Soto established good cause for withdrawing his plea, the trial court should have granted Soto's motion. Therefore, we reverse.
In August 1999 the Department of Corrections filed an affidavit alleging that Soto had violated his community control. The affidavit was based on allegations that Soto had absconded from supervision, had tampered with his electronic monitoring device, and had failed to remain confined to his approved residence. In addition, Soto had several new criminal charges filed against him, and the affidavit also alleged that Soto had violated his community control by committing these new offenses.
At a hearing on the violation of community control (VOCC), Soto's attorney told the trial court that Soto was willing to admit to the VOCC based on all of the allegations except those relating to the new offenses in exchange for a bottom-ofthe-guidelines sentence of thirteen months' imprisonment. The transcript of the hearing reflects that the trial court accepted Soto's admission to the VOCC and deferred sentencing until the resolution of the new offenses, but refused to guarantee *169 a thirteen-month sentence. However, the transcript does not reflect that the trial court's remarks concerning its refusal to guarantee the thirteen-month sentence were directed to Soto, and the trial court never discussed the possible length of the sentence with Soto during the plea colloquy.
In October 1999 Soto was before the trial court on the new offenses, but with a new public defender. After some discussion regarding the new offenses, Soto's attorney told the court that he understood that the VOCC was to be disposed of with an agreed-upon sentence of thirteen months' imprisonment. The trial court responded, "No, 8/30/99 admitted open and deferred sentencing." Soto's attorney then advised the court:
Your Honor, I'd ask not to send Mr. Soto back. I'd like to speak with him for a few more minutes and clear up with the CourtI misread the notes. I have it down not so much as an open plea, but there wasn't anything committed to. So we need to discuss that ... I thought what happened was he went up to take 13 months and you said you were going to set it off to sentence him all at once....
After discussion with Soto, Soto's attorney advised the court that Soto wanted to withdraw his plea. Soto then addressed the court, saying:
Your Honor, the day I was here we went over that I was supposed to be getting 13 months. I was admitting to my violation, but I didn't know what an open plea was. I didn't understand what [my previous attorney] said when he explained it to me. I didn't understand it, and the public defender today was telling me I haveI just didn't understand when he told me it could be 13 or more. I thought I was comping [sic] out to 13 months to my violation, and I was going to take my burglary charges to trial.
The trial court responded by ordering a transcript of the August hearing and postponing any ruling on Soto's motion.
On October 29, 1999, Soto was again before the trial court. The trial court reviewed the transcript of the August hearing and said: "I told [Soto's first attorney] if he wants to admit I would put off sentencing and see what happens to the other case and give him concurrent time and delay sentencing ... I said make a notation he's admitting today's date open and I'm going to defer sentencing." As the court was about to proceed with sentencing, Soto's attorney reminded the court of Soto's pending motion to withdraw his plea. Soto told the court that his previous attorney had not misled him, but that he had misunderstood his attorney concerning the length of his sentence if he admitted to the violation. Soto's attorney argued that because Soto believed when he entered his plea that he was going to receive a thirteen-month sentence, the trial court should permit him to withdraw his plea. The trial court denied Soto's motion and sentenced him to forty-eight months' incarceration. Soto now challenges the trial court's denial of his motion to withdraw his plea.
Under Florida Rule of Criminal Procedure 3.170(f), the trial court shall permit a defendant to withdraw a plea at any time before sentencing if the defendant shows good cause for withdrawing his plea. "A defendant should be permitted to withdraw a plea if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights." Robinson v. State, 761 So.2d 269, 274 (Fla. 1999) (internal quotations deleted). This rule should be liberally construed in favor of the defendant. Id.
In considering this rule, several courts have held that a defendant's misunderstanding concerning the length of his sentence is a proper basis upon which to allow the defendant to withdraw his plea. See, e.g., Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984); Edwards v. State, 610 So.2d *170 707 (Fla. 4th DCA 1992); Elias v. State, 531 So.2d 418 (Fla. 4th DCA 1988). For example, in Tobey, the defendant pleaded guilty in an open plea with the understanding that his presumptive sentence under the guidelines would be three years. See Tobey, 458 So.2d at 91. The length of his sentence was not discussed during the plea colloquy. Id. When the actual scoresheet was calculated, the sentencing range was five and one-half to seven years. Id. Tobey moved to withdraw his plea, arguing that his plea was involuntary because it was based on a mistake of fact. Id. The trial court denied this motion, but this court reversed, noting that "[w]hen a defendant moves to withdraw his plea of guilty, the court should be liberal in exercising its discretion to permit the withdrawal, especially where it is shown that the plea was based on a failure of communication or a misunderstanding of the facts." Id.
Similarly, in Elias, the defendant thought that he was pleading to a sentence of six years with a five-year minimum mandatory. See Elias, 531 So.2d at 420. In fact, the sentence was seven and one-half years with a five-year minimum mandatory. Id. Upon learning of this fact, Elias moved to withdraw his plea, but the trial court denied the motion. Id. at 419. On appeal, the court noted that although the length of Elias's sentence was clear to the trial court and Elias's attorney, it was not clear to Elias himself. Id. Therefore, the court held that the trial court improperly denied Elias's motion to withdraw his plea. Id. at 420.
In this case, Soto's testimony established that he understood that he was pleading guilty to violating his community control in exchange for a thirteen-month sentence. This testimony was supported by his attorney's notes, which indicated that the sentence would be thirteen months but that sentencing would be deferred so that Soto could have concurrent sentences if he was found guilty of the new offenses. As in Tobey, the length of Soto's sentence was not discussed during the plea colloquy conducted by the court. While the transcript of the VOCC hearing does indicate that the trial court did not guarantee the thirteen-month sentence, Soto's testimony and his attorney's notes reflect that neither of them understood this. As in Elias, it is clear that the trial court understood the terms of the plea agreement and sentence, but it is not clear that either Soto or his attorney did. Therefore, because Soto entered his plea under a misapprehension or mistake of fact as to the length of his sentence, the trial court should have granted Soto's motion to withdraw his plea.
Reversed and remanded.
PARKER, A.C.J., and GREEN and STRINGER, JJ., concur.