997 So.2d 508 (2008)
Michael Anthony BOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-3601.
District Court of Appeal of Florida, Fifth District.
December 24, 2008.
*509 Michael A. Bowen, Raiford, pro se.
Bill McCollum, Attorney General, Tallahassee and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Respondent.
PLEUS, J.
Bowen appeals from the summary denial of his Rule 3.850 motion which asserted that the trial court reversibly erred in failing to allow him to withdraw his plea. Because the record does not conclusively demonstrate that Bowen is not entitled to relief, we reverse.
Bowen was charged with attempted second degree murder with a weapon, aggravated battery with a deadly weapon and aggravated assault with a deadly weapon. He entered an open plea of nolo contendere to aggravated battery in exchange for the State's dismissal of the attempted murder and aggravated assault charges. According to Bowen, at the time he entered his plea in October 2007, the State had prepared a sentencing scoresheet which reflected a minimum guideline sentence of 50 months, and he was advised by the trial court that the sentence would be at the guidelines level or below.
By the time Bowen was sentenced in December, however, the State had violated his probation as a result of his plea to this new law violation and prepared a new scoresheet which, with the additional points for the probation violation, reflected a lowest permissible sentence of 71 months. Under subsection 921.0024(1)(b)2(b), Florida Statutes (2007), 24 points are assessed for a violation of felony probation when the violation includes a new felony conviction. The court sentenced Bowen to 71 months.
Bowen now contends that, had he known that the lowest guideline sentence was going to be 71 months, he would not have entered his plea, but would have gone to trial. The trial court denied Bowen's motion without attaching any portion of the record, finding that Bowen did not plea in exchange for a specified sentence but rather entered an open plea to the bench. Thus, Bowen could not claim that he should get a departure sentence "simply because his true and correct criminal history had been determined between the entry of his plea and his sentencing."
A defendant who enters a plea based on an honest mistake, misunderstanding or misapprehension concerning the length of his sentence should be allowed to withdraw his plea. Soto v. State, 780 So.2d 168 (Fla. 2d DCA 2001); Tobey v. State, 458 So.2d 90 (Fla.2d DCA 1984). However, in Wagner v. State, 895 So.2d *510 453 (Fla. 5th DCA 2005), Wagner entered an open plea but later moved to withdraw it, asserting that the trial court incorrectly estimated the minimum possible sentence at the time he entered his plea. This Court affirmed the trial court's denial of Wagner's motion, noting that: (1) Wagner had entered an open plea, indicating a willingness to accept up to and including the statutory maximum sentence; (2) Wagner was advised that the trial court's calculation of his possible minimum sentence was preliminary and could change after a scoresheet was prepared; and (3) Wagner was advised that no grounds existed to justify a downward departure. Id. at 455-57. Accordingly, we held that Wagner's plea was not infected with ignorance, misapprehension, or undue persuasion and there was nothing to indicate that Wagner was incompetent at the time he entered his plea or that the ends of justice required that his motion be granted. Id. at 458.
Without the plea and sentencing transcripts in the instant case, there is no way to conclusively establish whether Bowen's plea was rendered involuntary by an honest mistake, misunderstanding or misapprehension, as in Tobey, or whether Bowen had acknowledged that the guideline range could be higher, as in Wagner. Although not raised by Bowen, it also appears that the scoresheet used at sentencing was incorrect because it included points for a finding of a violation of probation which occurred after the primary offense. See Fla. R.Crim. P. 3.704(d)(16).
For these reasons, we reverse and remand to the trial court for further proceedings on Bowen's Rule 3.850 motion.
REVERSED and REMANDED.
TORPY and COHEN, JJ., concur.