997 So.2d 508 (2008)
Clarence Brian LeBLANC, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-3135.
District Court of Appeal of Florida, Fifth District.
December 24, 2008.
Laurie K. Sweet, of The Law Firm of Kevin A. Moore, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
This is an appeal by the appellant, Clarence Brian LeBlanc, from an order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion was based on six alleged deficiencies of trial counsel. We affirm without further comment the summary denial with respect to grounds four and five. We reverse, however, with respect to grounds one, two, three and six.
On appeal from a summary denial of a rule 3.850 motion we are compelled to reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D). Although the trial court in denying grounds one, two, three and six of the motion made reference to parts of the transcript or other record documents, it did not attach those record excerpts to the order for us to examine. Without that documentation we are unable to give meaningful review to the claims of the appellant.
Accordingly, because the record before us fails to make a showing that the appellant is conclusively entitled to no relief, we reverse the order as it applies to grounds one, two, three and six, and remand to the trial court to attach record excerpts that conclusively demonstrate that Mr. LeBlanc is entitled to no relief. Failing that, the trial court must accord Mr. LeBlanc an evidentiary hearing on these four grounds. See Ingram v. State, 990 So.2d 16 (Fla. 5th DCA 2008).
AFFIRMED in part; REVERSED in part; REMANDED.
TORPY and COHEN, JJ., concur.