OWEN, WILLIAM C., Jr., Senior Judge.
Appellant seeks review of the judgment and sentences imposed after he pled guilty to a nine count information charging eight felonies and one misdemeanor. We affirm the judgment (as herein modified) against his challenge that the guilty plea upon which the judgment is based was not entered voluntarily and with understanding of the consequences; however, we vacate the sentences and remand for resentencing.
At the plea conference appellant entered what his counsel described as an “open” guilty plea, that is, there was no agreement as to a definitive sentence for any of the offenses, other than that the sentences would be within either the recommended or permitted range of the sentencing guidelines, as reflected on the scoresheet to be computed after the court had been furnished a presentence investigation. The prosecutor expressed the belief that the guidelines, when computed, *112 would show 12 to 17 years as the recommended range and 9 to 22 years as the permitted range. However, in response to the court’s inquiry, appellant acknowledged his understanding that the plea as entered would allow the court to sentence within either the recommended or permitted guideline ranges, even if those ranges were higher than what the prosecutor believed they would be. The record clearly refutes appellant’s claim that his guilty plea was entered without an understanding of the consequences.
At the sentencing hearing the court used a category 9 scoresheet since the primary offenses at conviction were two counts of kidnapping.[1] As computed the scoresheet showed a total of 465 points, which produced a recommended guideline sentence of 22 to 27 years. The court, stating that the sentences would be within the recommended guidelines, sentenced appellant to 25 years concurrent on each of the two counts of kidnapping and one count of burglary with a battery, each to be followed by ten years of probation, and 10 years concurrent probation on each of the five counts of sexual battery.[2]
The problem here is that the scoresheet was scored incorrectly. The two counts of kidnapping, as charged in the information, are first degree felonies punishable by life[3] (217 points) but were scored as life felonies (289 points). Appellant’s prior record, which was scored at 34 points, was disputed by appellant but the court did not resolve that dispute (as the court would normally be required to do[4]) because appellant’s counsel agreed that even were those points eliminated the sentencing cell would remain the same. Finally, the court assessed 40 points for victim injury by following the victim injury schedule in the category 2 scoresheet. Points assessed for victim injury (for either the primary offenses or the additional offenses at conviction) should have been assessed based upon the victim injury schedule on the primary offense scoresheet (in this instance, category 9).[5] When the primary offenses at conviction are properly scored at 217 points, together with 102 points assessed for additional offenses at conviction,[6] the points that should be properly assessed for victim injury, if any, and the points to be assessed for prior record, if any, become quite significant and could substantially affect the guideline ranges.
The judgment is modified to reflect that Counts II and IV, charging the crime of kidnapping, are each first degree felonies punishable by life rather than life felonies, and as modified is affirmed. The sentences are vacated and this cause is remanded for resentencing consistent with the views herein.
GLICKSTEIN, C.J., and DELL, J., concur.

. Rule 3.701(d)(3)(b) Fla.R.Crim.P.

. We do not find in the record any sentence imposed for the misdemeanor, possibly an oversight in view of the seriousness of other sentences.

. Section 787.02, Florida Statutes (1991).

. Eutsey v. State, 383 So.2d 219 (Fla.1980); Robbins v. State, 482 So.2d 580 (Fla. 5th DCA 1986).

. Collins v. State, 596 So.2d 1209 (Fla. 1st DCA 1992); State v. Lacy, 553 So.2d 778 (Fla. 4th DCA 1989).

. The total of 102 points appears to be correct. Although 14 points too many were assessed for the single misdemeanor, 14 points too few were assessed for the five second degree felonies.