HARRIS, Judge.
Vernon Lee Brown pled guilty to burglary of a structure, escape from a law enforcement officer, and possession of drug paraphernalia and was, pursuant to a plea agreement, sentenced as an habitual offender to fifteen years in prison, suspended upon completion of five years on probation. One of the conditions of probation was that Brown would continue attending a drug treatment program.
Brown violated his probation by discontinuing the drug treatment program. The suspension of the previously imposed sentence was revoked, and Brown was committed to prison to serve the fifteen-year sentence. Over a year later, he filed a 3.850 motion contending that he did not fully understand the consequence of his original plea agreement — specifically that he would not receive normal gain time as an habitual offender.
After hearing, the trial court found:
1) The Defendant was effectively and competently represented by attorney Don Gleason, however,
2) The Defendant did not have a thorough understanding or appreciation of the consequences of his plea as an Habitual Felony Offender.
The court, therefore, permitted Brown to withdraw his plea. The State appeals and we reverse.
There is nothing in the record, save Brown’s general allegation that he did not fully understand and appreciate the consequences of his plea, that supports the trial court’s finding. To permit the withdrawal of the plea in this case, based on the record before the trial judge, would make every negotiated plea, (or any plea for that matter) voidable by the defendant at any time by merely alleging that he was confused.
Consider the facts of this case. Attorney Gleason testified that he had advised Brown about the loss of gain time if he pleaded as an habitual offender. At his plea, Brown expressed satisfaction with his attorney and assured the court that he was not under the influence of drugs or alcohol. Brown waited a year after commencing his sentence to complain:
Now that the Court has sentenced me as a habitual criminal I have had time to think about it. And it leads me now to see that fifteen years as a habitual criminal — not even, you know, having shot anyone, not committing any robbery, not store robberies, any of these things that, Your Honor, that’s — that’s a pretty long time to really sit back and take — for eleven years just for using drugs and being charged with a charge of a Grand Theft and a Burglary, you know, which actually nothing really was — property over a value of a thousand dollars wasn’t even took.
It is apparent that Brown, on reflection, felt he had not made the greatest deal. But the record does not support the finding that Brown did not understand, at the time of his plea and sentence, the deal that he made. He does not say, for example, that he was under the influence of anything either when he pled or when he was sentenced. He merely claims that he was suffering withdrawal symptoms and was confused.
The record does not support a finding that Brown did not understand the consequences of his plea; it merely shows that he no longer wished to be bound by it.
REVERSED and REMANDED.
DIAMANTIS, J., and STROKER, R.J., Associate Judge, concur.