783 So.2d 288 (2001)
Reginald DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1090.
District Court of Appeal of Florida, Fifth District.
March 23, 2001.
Rehearing Denied April 30, 2001.
*289 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Reginald Davis appeals his judgments and sentences claiming that the trial court abused its discretion in denying his motion to withdraw his negotiated guilty plea. We affirm.
Pursuant to the terms of a negotiated plea, Davis pled guilty to the crimes of delivery of cocaine, sale of cocaine, and habitual driving while license suspended. In exchange, the State agreed to nolle prosequi three other pending charges, to allow Davis to remain on bond pending sentencing, and to recommend that the trial court impose concurrent sentences of twenty two months incarceration. At the sentencing hearing, Davis moved to withdraw his plea before the trial court imposed sentence. He argued that it would be in the interest of justice for the trial court to grant the motion because he was "unable to comprehend the moral consequences of the plea" at the time the plea was entered. To support this claim, Davis stated that he had not committed the drug offenses and believed "that it would be morally wrong and detrimental to his children's emotional well-being if their father entered a plea to a crime that he did not commit." The trial court denied the motion. Davis challenges this ruling.
The withdrawal of a guilty plea is not a matter of right, but instead, a question addressed to the sound discretion of the trial court. Therefore, on appeal a trial court's decision to deny a motion to withdraw must be affirmed absent proof of an abuse of discretion. Lopez v. State, 536 So.2d 226, 229 (Fla.1988); Costello v. State, 260 So.2d 198, 200 (Fla.1972). Pursuant to rule 3.170(f) of the Florida Rules of Criminal Procedure, when a defendant files a motion to withdraw his guilty plea any time before sentencing, the trial court may in its discretion, and shall on good cause, permit the plea to be withdrawn. However, the burden is on the defendant to establish good cause. Gore v. State, 552 So.2d 1185, 1186 (Fla. 5th DCA 1989); Brown v. State, 428 So.2d 369, 371 (Fla. 5th DCA 1983). Good cause has been found to exist where the defendant demonstrates "that his previously tendered guilty plea was infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea." Onnestad v. State, 404 So.2d 403, 405 (Fla. 5th DCA 1981).
The trial court did not abuse its discretion in concluding that Davis failed to sustain his burden of proving good cause based on his claim that he was unable to comprehend the moral consequences of his plea. The transcript of the plea colloquy demonstrates that Davis was properly advised concerning the nature and consequences of his plea and that he affirmatively stated under oath that he had both sold and delivered the cocaine as charged. Furthermore, Davis has failed to cite to any statutory or case law which supports his claim. Accordingly, we affirm the trial court's ruling. See State v. Brown, 622 So.2d 17 (Fla. 5th DCA 1993).
Judgments and Sentences AFFIRMED.
SHARP, W. and PLEUS, JJ., concur.