STONE, J.
Collins entered a negotiated plea of no contest to multiple charges where the state agreed to a sentence “cap” of ten years and waived habitual offender status. At the time of the plea, the trial court conducted a complete colloquy and Collins signed an extensive plea form. Subsequently, Collins filed a motion to withdraw plea. We affirm the order denying the motion to withdraw plea and the judgment and sentence.
At the hearing on the motion to withdraw the plea, Collins claimed that his attorney told him that it would be in his best interest to change his plea and that if he did not like the sentence given, Collins could withdraw the plea at that time and would be entitled to a trial.
Collins testified that he advised his attorney, a few days after the plea, that he wanted to withdraw it. The attorney advised Collins to take time to reconsider and wait until sentencing before seeking to withdraw the plea. Counsel acknowledges that he was not aware of the heavier burden of proof imposed by waiting; however, the point is moot as the trial court explicitly treated the motion as if it had been made before sentencing, applying the lesser burden imposed in Florida Rule of Criminal Procedure 3.170(f). The rule provides that “[t]he court may in its discretion, and shall on good cause, at any time before the sentence, permit a plea of guilty to be withdrawn.” Thus, upon a showing of good cause, a defendant must be allowed to withdraw a plea. Upon a showing of less than good cause, withdrawal of the plea is within the court’s discretion. Catinella v. State, 732 So.2d 444, 445 (Fla. 4th DCA 1999).
Clearly, a defendant’s entry of a plea based upon his attorney’s mistaken advice can be a basis for a motion to withdraw plea. Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003). The issue, therefore, is whether the claim of misadvice is proved and whether it constitutes good cause in the context of the record.
Upon taking the plea, the trial court made it clear to Collins that he would not be entitled to withdraw his plea after it was entered and accepted. The record reflects that, upon taking the plea, the court instructed, “You understand, as your attorney said to you, if you change your mind after today, tomorrow, tonight, an hour from now, it’s too late once you enter this plea. Do you understand that?” The court later emphasized, “You can — you can ask for less than that, but if you get ten years you can’t do a thing about changing this plea or doing anything about it. You understand that, sir?”
The record also reflects that Collins’s attorney warned him in open court that “[ojnce you sign it we can’t change it. Once you give it to the Judge it can’t be changed.” Collins further acknowledged that his attorney had not forced him to plead, nor had he been coerced or promised anything. He also remembered the judge telling him that once he entered his plea, he could not change his mind later, and that the judge asked Collins if he had any problems or questions. Collins has not challenged the sufficiency of the plea colloquy. At the hearing, Collins admitted that the court explained to him what would *1199 happen if he entered the plea and that he understood that what the judge said was different from what he claims his attorney told him. Collins, a 34-year-old high school graduate, likewise admitted that he had been to court on numerous prior charges and that he had entered pleas before. He had not gone to trial on any of his prior cases.
In denying Collins’s motion, the trial court found that the defense counsel did not misadvise Collins as to the maximum sentences he faced. The court added that “[t]here’s nothing here to indicate differently regarding a legal reason to set aside the plea.”
Although Collins claims that his attorney misadvised him about withdrawing a plea, that is not confirmed by the attorney who clearly denied advising Collins that he would be allowed to withdraw the plea, or advising that the plea was optional.
The record reflects that before accepting the plea, the trial court insured that Collins understood the plea, the charges he was facing, the possible sentences he was facing, as well as determined that he was not coerced or misinformed. The trial court also found that the plea was entered freely and voluntarily with the effective assistance of counsel.
Great weight is placed on a trial judge’s findings made pursuant to rule 3.172. Buell v. State, 704 So.2d 552, 553 (Fla. 4th DCA 1997).
Therefore, the order denying Collins’s motion to withdraw his plea and the judgment and sentence are affirmed.
WARNER and HAZOURI, JJ., concur.