GRIFFIN, J.
The State of Florida appeals the downward departure sentence of appellee, Ronald Stanard [“Stanard”]. The State charged Stanard with one count of burglary of a structure- — non-dwelling[1]—and one count of possession of burglary tools.[2] According to the arrest affidavit, the owner of a bagel shop had opened the back door to the store to do some loading and had left it unattended. When he walked to the back of the store again, he noticed that the walk-in freezer door was cracked open. The owner observed Stanard exit the freezer carrying two top round roast beefs. The owner confronted Stanard, who put down the meat, explained that he was hungry and then rode off on a bicycle. Police arrested Stanard and found a pair of tin snips, a small flashlight, a cutting razor, and multi-purpose pliers in his pocket.
Stanard entered a plea of not guilty. Subsequently, he decided to change his plea. At the change of plea hearing, Sta-nard requested that he be sentenced to a drug-rehabilitation program at Phoenix House that he had previously attended. The trial court noted that would be a downward departure. Stanard maintained the departure was warranted because he had cooperated with the State, he had admitted to the crime, he had harmed no one, he hadn’t actually broken into the business, and he had committed the offense in an unsophisticated manner. Sta-nard said that he was on drugs at the time *573 that he had committed the offense and that he was hungry.
The State objected to the downward departure. It pointed out that Stanard’s drug addiction could not be a mitigating factor pursuant to section 921.0016(4), Florida Statutes (2002). Moreover, the State argued that Stanard had not given the State any information that could help it.
The court noted that Stanard did not actually break into the store and when confronted was not violent. The court then said:
[h]e didn’t do what we generally consider a burglary. He didn’t hurt the person. Although he was face to face with him. And talked to him. Although it’s not — in and of itself. He’s crying out for help for his drug problem. I know that in and of itself is not sufficient. But if they want to take him out of Phoenix. And put him in prison. And have somebody out on the street that does need help. Then that’s up to the State.
After the hearing ended, the trial court placed on the record as an additional reason for the downward departure that Sta-nard was remorseful.
The trial court sentenced Stanard to drug-offender probation for a period of five years (count I) and five years of drug-offender probation (count II) to be served concurrently.
On appeal, the State argues that the trial court’s finding that Stanard did not commit what is “normally considered” a burglary is both incorrect and inconsistent with his plea of guilty to the crime. Further, the legislature had expressly eliminated drug abuse/addiction as a basis for mitigation for crimes that occurred after July 1, 1997. In addition, the State argues that there was no evidence that Stanard committed the crime in an unsophisticated manner or that it was an isolated incident. The trial court’s finding that Stanard was remorseful was, in and of itself, insufficient for a downward departure.
We are unable to affirm the trial court’s downward departure sentence. First, no statutory ground exists to support it. The one that comes closest, subsection 921.0016(4)(j), fails because there is no support for the “isolated incident” element. Nor is there a non-statutory ground justifying departure. The fact that Stanard harmed no one and failed to commit additional crimes cannot be a ground for a downward departure. Stanard pleaded guilty to a non-violent crime, burglary, and the law requires he receive a guidelines sentence for it.
We do reject the State’s argument that Stanard should not be allowed to withdraw his plea. Even though Stanard appeared to enter an “open plea,” he did so based on a clear signal from the judge that he would depart downward.
It appears that, since his sentencing, Stanard may have been on drug offender probation for almost one year. In the event he has succeeded on probation, we express no view as to whether that might be an appropriate ground for downward departure.
REVERSED and REMANDED.
SHARP, W., and TORPY, JJ„ concur.

. § 810.02(1), (4), Fla. Stat. (2002).

. § 810.06, Fla. Stat. (2002).