THOMPSON, E., Senior Judge,
Concurring Specially, With Opinion.
I agree that the case should be reversed because the trial court did not conduct an adequate Faretta inquiry; thus, Garren’s waiver of his attorney was not freely and voluntarily made. See Fla. R.Crim. P. 3.111(d)(2). However, as I read the panel’s opinion, two reasons are offered for reversal. The first reason is Faretta. The second reason is that Garren showed good cause, absent Faretta, because the trial court did not advise him of the minimum sentence to be imposed. I bifurcate the reasons presented for reversal because, absent the inadequate Faretta inquiry, I believe Garren did not demonstrate good cause to withdraw the plea as required by Florida Rule of Criminal Procedure 3.170(f). Here is my reasoning.
At the arraignment hearing, the trial court ascertained that Garren had a ninth grade education and that he could read.[1] *1162 Garren stated he was informed of the facts, that he possessed a police report, and that he was unaware of any exonerating evidence. The court advised Garren of his rights to an attorney and conducted an extensive voir dire to ensure that he freely and voluntarily waived those rights. Gar-ren then insisted on entering a pro se plea, and the court found that he freely and voluntarily entered his plea. The trial court was not required to advise Garren at the time of his plea that a minimum sentence would be imposed. See Wagner v. State, 895 So.2d 453, 458 (Fla. 5th DCA 2005). He was subsequently appointed counsel for sentencing. At sentencing, his counsel informed the court that they were seeking a plea withdrawal, not to go to jury trial, but to negotiate a better plea deal with the prosecutor.
Under rule 3.170(f), the trial court may, in its discretion, and shall, on good cause, at any time before sentence, permit a plea of guilty to be withdrawn. In Wagner, this court stated that “trial courts are bestowed with the discretion to determine whether good cause has been established” and that “[a] trial court abuses its discretion ‘only where no reasonable man would take the view adopted by the trial court.’ ” Id. at 456 (quoting Sims v. State, 869 So.2d 45, 47 (Fla. 5th DCA 2004)).
Under this standard, I would argue that the trial court did not abuse its discretion when it determined that no good cause existed to withdraw Garren’s plea. Reasonable men could certainly take the position that Garren’s desire to negotiate a better plea does not merit a plea withdrawal. There was no allegation that his plea was entered involuntarily or that he was misadvised by counsel. He knew everything he was legally required to know; he knew he faced a maximum sentence of 16 years and he knew he could receive the maximum sentence. Unfortunately, Garren believed that he would receive probation based on legal advice from jail inmates, and “[wjhere the mistake or misunderstanding in entering a plea is attributable to the defendant, it is not error for the court to refuse to allow withdrawal of it.” See Acee v. State, 935 So.2d 1258, 1258-59 (Fla. 5th DCA 2006) (quoting Johnson v. State, 648 So.2d 263 (Fla. 5th DCA 1994)).
When a defendant enters an open plea, he or she indicates a “willingness to accept anything up to and including the maximum possible sentence.” Wagner, 895 So.2d at 457 (quoting Simmons v. State, 611 So.2d 1250, 1253 (Fla. 2d DCA 1992)). Despite his open plea, Garren sought to withdraw his plea after he learned that he would serve jail time; in effect, although he knew he could receive a sentence up to 16 years, and despite the fact he received the lowest possible guideline sentence instead of the potential sentence of 16 years, he was simply displeased that he would have to do any jail time. The judge could not further reduce the sentence without finding statutory mitigation evidence or the state substantially reducing the charges filed in the information.
The panel’s opinion states that since Garren made a pre-sentence motion for withdrawal, rule 3.170(f) should be liberally construed in favor of the defendant, as the law favors a trial on the merits. See Johnson v. State, 947 So.2d 1208 (Fla. 5th DCA 2007); see also Johnson v. State, 971 So.2d 212 (Fla. 4th DCA 2008). However, unlike those cases, Garren does not protest his innocence or seek to withdraw his plea to have a trial on the merits. Instead, he seeks to withdraw his plea to negotiate a better second plea. Thus, the purpose behind the rule is inapplicable in this case.
This court in Wagner, 895 So.2d at 456, stated that, “[i]n order to show cause why the plea should be withdrawn ... the defense must offer proof that the plea was *1163 not voluntarily and intelligently entered.” The burden is on Garren to establish good cause to set aside his plea. See Nicol v. State, 892 So.2d 1169, 1171 (Fla. 5th DCA 2005). Since this court has held that trial courts need not advise defendants of the minimum sentence that may be imposed, Wagner, 895 So.2d at 458, absent a finding that there was an inadequate Faretta inquiry, I would find that Garren did not establish good cause and, thus, the trial court did not abuse its broad discretion.

. Notwithstanding Garren’s later less than truthful statements when accompanied by a lawyer that he could neither read nor write, at his arraignment he stated he had a ninth grade education and could read and write.