EDWARDS, J.
Bryan Santos appeals his judgment and sentence and the denial of his motion to withdraw his plea, arguing that his plea of nolo contendere was involuntary because it was based on misadvice or ineffective assistance of counsel. Having reviewed the record on appeal, briefs, and authorities cited therein, we affirm Santos' judgment and sentence, and affirm the trial court's order denying Santos' motion to withdraw his plea.
SANTOS' CLAIM OF INVOLUNTARY PLEA
Santos was charged by information with one count of burglary of a dwelling with a battery, a first-degree felony punishable by life in prison, and one count of domestic violence battery, a first-degree misdemeanor. The charges arose out of Santos' attempt to visit the mother of their son in order to persuade her to let him visit their child. According to the victim's testimony, which was supported by a surveillance video, Santos came to the victim's residence, repeatedly tried to force his way inside, grabbed her by her hair, ripped her shirt, and tried to pull her out of her residence. Because they had several prior incidents of domestic violence, there was a "no contact" order in place.
Santos' scoresheet reflected a lowest permissible sentence of 46.2 months in prison. The State made a plea offer for a bottom-of-the-guidelines sentence, even though the victim, who was present at sentencing, wanted a longer sentence. Santos rejected the State's offer and through his privately-retained trial counsel sought a downward departure from the 46.2 months.
The trial court did an outstanding job of explaining to Santos that he had three options: (1) proceed to trial, (2) accept the State's plea offer, or (3) make an open plea to the court with no promises of what sentence might be imposed. The trial court confirmed that Santos understood each option. The trial court also made certain that Santos knew that the court could sentence him to any prison term, from 46.2 months to life, and Santos acknowledged that he understood that. See Nelfrard v. State , 34 So. 3d 221, 223 (Fla. 4th DCA 2010) ("Where the court informs a defendant of his sentencing exposure, a defendant may not reasonably rely on a contrary representation by counsel.").
Santos' counsel told the trial court that he would be requesting a downward departure from the 46.2 months based on the victim having provoked Santos into committing this crime by not honoring a time-sharing schedule. The trial court said that it would listen to all the testimony and review whatever evidence each side wished to present at sentencing. The trial court went on to explain in detail to Santos that before the court would order a downward departure, it would first have to determine that there was a legal basis to depart, and whether it should exercise its discretion to *225 depart. It explained that it was not obliged to depart downward and could in fact sentence Santos to life. Such conversations during a colloquy have been held to refute claims of attorney misadvice based on promises as to sentence length. Ragoobar v. State , 893 So. 2d 647, 648-49 (Fla. 4th DCA 2005).
During this discussion, the trial court reminded Santos that the victim would be testifying and that she reportedly wanted more, not less, than the 46.2-month sentence. Repeatedly, Santos voiced his understanding of the process and his options. Defense counsel had requested the court to explain these things to Santos to make sure Santos understood.
Defense counsel was given repeated opportunities to speak privately with his client to confirm that Santos understood his options and to determine what he wanted to do. The trial court repeatedly told Santos that it could sentence him to more than the 46.2 months, the bottom of the guidelines provided, and each time Santos verbally acknowledged that he understood. After a lengthy explanation and consultation with counsel, Santos chose to plead no contest, open to the court. Before accepting his plea, the trial court conducted another detailed, thorough colloquy during which Santos confirmed that he was satisfied with his lawyer, who had done all that Santos wished and nothing he had not, that nobody had threatened him or promised him anything, and that his plea was truly voluntary.
The victim testified to the violent confrontation at her house, explained what the surveillance video showed, and filled in the events not captured on video. Defense counsel asked for a sidebar during the victim's testimony to see if the State's offer of 46.2 months was still available; however, it had been withdrawn once testimony began. The victim completed her testimony, advising that there had been several incidents of domestic violence before and that she was afraid for her safety and the safety of their son. Other witnesses apparently testified on behalf of Santos, but his appellate counsel chose not to obtain a transcript of the sentencing hearing, as will be discussed below.
When the trial court gave Santos the opportunity to speak, he simply said, "Please have mercy on my sentencing, Your Honor. That's all."
The trial court then adjudicated Santos guilty of both counts, sentencing him to ten years in the Department of Corrections for the burglary with a battery charge followed by one year of probation, with credit for time served, and a sentence of time served for the misdemeanor battery. The trial court stated for the record that he found no legal basis for a downward departure, rejecting the provocation basis, and further stated that, even if there had been a legal basis, it would not have exercised its discretion to downward depart.
After sentencing Santos moved to withdraw his plea, claiming that his defense counsel had told him that he would receive a downward departure and that defense counsel had presented only a "bare bones" sentencing argument.[1] In a detailed order, to which it attached relevant portions of the hearing transcript, the trial court explained why it was denying Santos' post-sentence motion to withdraw his plea.
*226 Once a sentence has been imposed pursuant to a plea, "a defendant must demonstrate a manifest injustice requiring correction in order to withdraw a plea." Griffin v. State , 114 So. 3d 890, 897 (Fla. 2013). Unless the defendant can show that the trial court abused its discretion in denying a post-sentence motion to withdraw plea, it will be affirmed on appeal. Wagner v. State , 895 So. 2d 453, 456 (Fla. 5th DCA 2005). It is clear from the record before this Court that the trial court did not abuse its discretion in denying Santos' motion to withdraw his plea, and it is equally clear that Santos' open plea to the court was voluntary and with knowledge that he faced a sentence from below the 46.2-month bottom of the guidelines all the way to life in prison. There is no legal or factual merit whatsoever to Santos' claim on appeal that his plea was involuntary. Accordingly, we affirm.[2]
AFFIRMED.
ORFINGER and HARRIS, JJ., concur.

Santos' motion to withdraw plea was filed by his new attorney, James W. Smith III, who is also Santos' attorney on appeal. Given that the brief filed on behalf of Santos cites only two cases and is six pages in total length, the irony of Attorney James W. Smith III describing anything as "bare bones" is not lost on this Court.

We affirm on the merits, or lack thereof, of Santos' claim. We choose not to invoke Lynn v. City of Fort Lauderdale , 81 So. 2d 511, 513 (Fla. 1955), or Hammond v. State , 34 So. 3d 58, 59 (Fla. 4th DCA 2010).