DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRINCIPE HORMAECHE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2071

[July 6, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 16-012875CF10A.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

This case requires us to consider the oft-repeated maxim that "excessive speed alone will not support a conviction for vehicular homicide."[1]  More accurately, the question presented by this appeal is whether the defendant's excessive speed alone was enough to foreclose his ability to mount a defense to vehicular homicide charges on grounds that his conduct was merely careless as opposed to reckless.

The defendant in this case entered an open no contest plea to two counts of vehicular homicide after he unfortunately caused the deaths of two individuals during a car accident.  Prior to sentencing, the defendant moved to withdraw his plea, pursuant to Florida Rule of Criminal Procedure 3.170(f), on grounds that defense counsel erroneously advised

---

[1] *Luzardo v. State*, 147 So. 3d 1083, 1085 (Fla. 3d DCA 2014); *see also, e.g.*, *House v. State*, 831 So. 2d 1230, 1233 (Fla. 2d DCA 2002) ("Speed alone will not support a charge of vehicular homicide.").

him that his speeding at the time of the collision precluded him from having a viable defense to the charges. The trial court denied the motion after hearing from both the defendant and his counsel. On appeal, the defendant argues that the trial court erred in denying his pre-sentence motion to withdraw his plea. We agree and reverse.

An attorney's failure to advise his or her client of a viable defense constitutes "good cause" to allow the client to withdraw his or her plea prior to sentencing. *See* Fla. R. Crim. P. 3.170(f) ("The court may in its discretion, and *shall on good cause*, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn[.]" (emphasis added)); *Johnson v. State*, 971 So. 2d 212, 215 (Fla. 4th DCA 2008) ("[A] defendant's entry of a plea based upon his attorney's mistaken advice can be a valid basis for finding good cause [to withdraw a plea]."); *Collins v. State*, 858 So. 2d 1197, 1198 (Fla. 4th DCA 2003) ("Clearly, a defendant's entry of a plea based upon his attorney's mistaken advice can be a basis for a motion to withdraw plea." (citing *Snodgrass v. State*, 837 So. 2d 507, 508 (Fla. 4th DCA 2003)).

At the hearing on his rule 3.170(f) motion, the defendant testified that he based his decision to plead no contest on his attorney's advice that a defense to the vehicular homicide charges would not be possible because he was speeding at the time of the collision. The defendant further testified that he learned through consultation with a second attorney prior to sentencing that defense counsel's advice was flawed because his speed at the time of the collision did not necessarily preclude him from presenting a defense that could result in the charges being "dropped to careless driving." Moreover, defense counsel candidly admitted that her advice to defendant was flawed as it was based on the mistaken belief that the level of intent necessary to support a conviction for vehicular homicide had been met solely because the defendant was speeding.

Whether a defendant's particular claim of mistaken advice by counsel is proven depends upon "the context of the record." *Collins*, 858 So. 2d at 1198; *see also Wagner v. State*, 895 So. 2d 453, 456 (Fla. 5th DCA 2005) ("Good cause must be established within the context of the record."). Thus, the dispositive question in this appeal is whether or not counsel's advice to the defendant was legally sound under the factual circumstances of this case.

A conviction for vehicular homicide requires proof that a defendant caused the death of another human being through the operation of a motor vehicle "in a reckless manner likely to cause the death of, or great bodily harm to, another." *Rubinger v. State*, 98 So. 3d 659, 662 (Fla. 4th DCA

2

2012) (quoting § 782.071, Fla. Stat. (2006)). "The defendant does not have to have intended to harm anyone; rather, he [or she] must have engaged in intentional conduct demonstrating a conscious disregard of a likelihood of death or injury." *State v. Desange*, 294 So. 3d 433, 437 (Fla. 2d DCA 2020) (citing Fla. Std. Jury Instr. (Crim.) 7.9).

"Neither carelessness nor ordinary negligence in the operation of a motor vehicle are sufficient to sustain a conviction for vehicular homicide." *Luzardo v. State*, 147 So. 3d 1083, 1086 (Fla. 3d DCA 2014); *see also Pitts v. State*, 473 So. 2d 1370, 1373 (Fla. 1st DCA 1985) ("[C]areless driving is not a lesser-included offense of vehicular homicide."); *C.D. v. State*, 356 So. 2d 1249, 1249 (Fla. 3d DCA 1978) ("Careless driving is not a lesser included offense of reckless driving[.]" (footnote omitted)).[2]

"Determining whether a defendant's driving was reckless as distinguished from merely negligent is a 'fact intensive, ad hoc inquiry' such that each case involving charges like these turns on its own specific facts." *Desange*, 294 So. 3d at 438 (quoting *Luzardo*, 147 So. 3d at 1086).

Nothing in section 782.071, Florida Statutes (2015), supports the proposition that a finding of recklessness can be based solely on the numeric value of a driver's excessive speed—which would by itself only constitute a non-criminal traffic offense—in the absence of other determinant factors. *See Damoah v. State*, 189 So. 3d 316, 320 (Fla. 4th DCA 2016) ("In affirming convictions for vehicular homicide or manslaughter by culpable negligence, it is excessive speed, *in combination with other factors*, that support the convictions."); *see also Luzardo*, 147 So. 3d at 1084–89 (reversing conditional plea of guilty to vehicular homicide where the defendant was traveling at 83.9 miles per hour—well in excess of the posted speed limit of 55 miles per hour—on "a straight road in sunny weather with clear visibility" when he collided with victim's car because his conduct was deemed insufficient to establish the level of recklessness necessary to convict him of vehicular homicide, despite being "careless, even negligent").

Here, the defendant was driving eastbound on a heavily traveled thoroughfare when his Toyota Camry collided head-on with the driver's

---

[2] Cases involving the offense of reckless driving are relevant to our analysis because vehicular homicide requires proof of reckless driving. *See Santisteban v. State*, 72 So. 3d 187, 195 (Fla. 4th DCA 2011) ("Vehicular homicide cannot be proven without also proving the elements of reckless driving, which requires proof of a 'willful or wanton disregard for the safety of persons[.]'" (citing § 316.192(1), Fla. Stat. (2004)).

side of a Nissan Sentra in the middle of an intersection controlled by a traffic signal on a clear and dry summer afternoon. He was not swerving outside of his lane, nor was he weaving in and out of traffic or otherwise endangering pedestrians or bicyclists. However, the State contends that the traffic light facing the defendant's oncoming vehicle was red for seven seconds prior to the collision and he was traveling approximately 22 miles per hour above the posted speed limit while being carelessly distracted by his cellular phone because it reflected data usage around the time of the accident.

Information obtained from the Toyota's event data recorder, as well as the red-light camera at the intersection where the accident occurred, indicates that the defendant failed to apply his brakes until he entered the intersection just prior to impact.

The State's probable cause affidavit asserts that the Nissan would have cleared the intersection and the crash would not have occurred had the defendant been "traveling at or near the [posted] speed limit or had reacted as a typical and prudent driver of a vehicle and stopped for the traffic signal." However, causation is not the issue upon which the defendant was given erroneous advice by his attorney in this criminal prosecution.

Instead, as defense counsel candidly admitted at the hearing on the defendant's rule 3.170(f) motion, her advice to the defendant regarding his inability to mount a defense to the charges against him was flawed.

We therefore agree with the defendant that the advice he received from counsel, and upon which he based his plea, was not legally sound. That is, his excessive speed at the time of the collision was not, alone, sufficient to foreclose his ability to mount a defense to the vehicular homicide charges on grounds that his conduct was merely careless as opposed to reckless. *See, e.g., Desange*, 294 So. 2d at 438 ("conduct constituting everyday negligence" is insufficient to sustain a conviction for vehicular homicide); *Damoah*, 189 So. 3d at 319 ("The law differentiates between negligent driving conduct, which exposes a wrongdoer to civil liability, and criminal driving conduct, which subjects a person to incarceration and other criminal sanctions."); *see also, e.g., Harris v. State*, 318 So. 3d 645, 647–48 (Fla. 2d DCA 2021) (determining evidence insufficient to support revocation of probation based on an asserted commission of reckless driving where the defendant was traveling more than fifty miles per hour over the posted speed limit on a four-lane road in a residential area, "without evidence of swerving within his lane, without evidence of weaving outside his lane, and without evidence of actually endangering traffic or pedestrians.").

4

Once "good cause" for the defendant to withdraw his plea was shown prior to sentencing, the trial court was "obligated to allow the defendant as a matter of right to withdraw [his] plea[.]" *Stewart v. State*, 315 So. 3d 756, 758 (Fla. 4th DCA 2021) (quoting *Smith v. State*, 840 So. 2d 404, 406 (Fla. 4th DCA 2003)).

Accordingly, we reverse the order denying the defendant's pre-sentence motion to withdraw his plea and resulting judgment of conviction, instruct the trial court to allow the defendant to withdraw his plea, and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***